OPINION
On July 17, 1996, appellee, the Richland County Children Service Board, received emergency shelter care of Wesley Miller, born April 25, 1991. Parents of the child is father Daniel Miller, appellant herein, and mother Katherine Miller. On same date, appellee filed a complaint alleging the child to be dependent and/or abused. A hearing was held on August 7, 1996 and a case plan was filed on August 9, 1996. By judgment entry filed September 5, 1996, the trial court found the child to be dependent and ordered protective supervision with appellee.
Following some domestic disputes between the parties, appellee filed a motion to terminate protective supervision and for temporary custody on January 15, 1997. On January 17, 1997, appellee again received emergency shelter care of the child.
A hearing was held on June 23, 1997. By amended judgment entry filed August 19, 1997, the trial court granted temporary custody of the child to appellee and granted appellant supervised visitation only.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 THE JUDGMENT OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
Appellant claims the trial court erred in granting temporary custody of the child to appellee. Appellant claims the trial court's decision is not supported by the manifest weight of the evidence. We disagree.
A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co.
(1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v. Garson (1993), 66 Ohio St.3d 610.
Appellee's initial entry into this case was over a concern of domestic violence allegations between the parents and abuse towards the child. January 17, 1997 T. at 5-6. Appellee received emergency shelter care of the child and the parents agreed to a protective supervision order. August 7, 1996 T. at 7-8. Custody of the child was returned to mother with appellant's visitation under supervision by appellee. Id. at 11-12. On January 17, 1997, appellee again received emergency shelter care of the child due to allegations of abuse by appellant and mother's inability to protect the child. January 17, 1997 T. at 11. On June 23, 1997, a hearing was held on appellee's motion for temporary custody of the child. Appellant and mother were separately represented. Mother agreed to the proposed temporary custody, modified case plan and visitation. June 23, 1997 T. at 13-14. Appellant did not agree and argued mother should have custody of the child. Id.
at 15, 17. Although no formal motion for custody was filed by appellant, the trial court proceeded to hear the matter as a custody motion.
Ginger Schaefer, a caseworker for appellee, testified the initiating claim of abuse was that the child had been thrown into walls, kicked in the head and hit by thrown objects during domestic disputes between the parents. Id. at 28. When appellee attempted to place the child in emergency shelter care, the parents actively secreted the child. Id. at 29. After the child was placed in protective supervision, appellant violated the court's order in November and December to stay away from the family home. Id. at 30-31. During the December incident, the child was discovered by a police officer "cowering under a chair."Id. at 32.
A case plan had been filed on August 9, 1996. Part of this plan required appellant to undergo alcohol assessment and follow up with treatment. Although appellant went for assessment, he refused follow-up treatment and refused to voluntarily participate in the anger management program. Id. at 34-35. The parents attended parenting classes but did not complete the program. Id.
at 37. Psychological counseling was suggested but neither parent wanted to do it. Id. at 39.
In a new intake investigation in December 1996, there was an unsubstantiated claim that the child had experienced some sexual abuse.[1] Id. at 41. This claim caused mother to become very concerned for her safety because of appellant's reaction to the claim. Id. at 41-43. Appellee received the second emergency shelter care order on January 17, 1997 and since that time, all cooperation from the parents has stopped. Id. at 44. Ms. Schaefer opined mother is unable to keep appellant out of her life and protect the child. Id. at 45. Appellant had pushed and bit the child three weeks prior to the hearing (June 23, 1997). Id.
at 62.
Both appellant and mother denied any sexual or recent physical abuse of the child. Id. at 70, 91. The trial court was presented with conflicting testimony. Credibility of the witnesses and weight to be given to the evidence is up to the trier of fact. State v. Jamison (1990), 49 Ohio St.3d 182.
From our review of the record, we find sufficient evidence to substantiate the trial court's decision to grant temporary custody of the child to appellee.
The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Richland County, Ohio, Juvenile Branch is hereby affirmed.
By Farmer, P.J., Reader, J. and Wise, J. concur.
[1] Some of the child's acting out indicated some type of sexual abuse. Id. at 63.